# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | Case Number: 4:20-CR-164 |
| v. | § | Judge Mazzant |
| | § | |
| KENNETH BRANDON CHASTEEN | § | |
| | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion to Reconsider Partial Denial of Motion to Suppress (Dkt. #54). The Court, having considered the motion and the applicable law, finds the motion is **DENIED**.

## BACKGROUND

This case concerns the stop, questioning, and arrest of Defendant Kenneth Chasteen ("Chasteen"). On April 13, 2021, the Court granted in part and denied in part a motion to suppress (Dkt. #29) filed by Chasteen seeking to suppress statements and evidence from his traffic stop and arrest (Dkt. #51). The Court suppressed statements made by Chasteen while he sat on a curb outside a 7-11 because officers failed to give him a *Miranda* warning, but denied suppression of Chasteen's initial statements, stationhouse confession, and gun discovered in his car. The Court concluded that Chasteen's initial statements were not made while in custody, he waived his *Miranda* rights before his stationhouse confession, and physical evidence like a gun cannot be suppressed for a *Miranda* violation.

On April 27, 2021, Chasteen filed a motion for reconsideration of the partial denial of the motion to suppress (Dkt. #54).

## LEGAL STANDARD

Motions to reconsider serve a limited purpose: "to permit a party to correct manifest errors

of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (citations omitted). Mere disagreement with a district court's order does not warrant reconsideration. *Id.* at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Verdin v. Fed. Nat'l. Mortg. Ass'n*, No. 4:10-cv-590, 2012 WL 2803751, at *1 (E.D. Tex. July 10, 2012) (citations omitted).

## ANALYSIS

Chasteen asks the Court to reconsider its opinion on the motion to suppress because it failed to consider his sur-sur-reply and the recent Fifth Circuit case *United States v. Norbert*. No: 20-60106, 2021 WL 969916, at *4 (5th Cir. Mar. 16, 2021). Chasteen expresses concern that the Court did not rely on *Norbert* when deciding whether officers had reasonable suspicion to conduct a *Terry* stop and question him outside the 7-11.

The Court reconsiders Chasteen's motion, but the decision remains unchanged. As an initial matter, the Court acknowledges that it failed to cite Chasteen's sur-sur-reply in its opinion. The Court unintentionally omitted the sur-sur-reply when listing the briefing in the case background. Still, the Court did read Chasteen's sur-sur-reply before issuing its opinion. The Court issued its opinion on April 13, 2021, nine days after it received Chasteen's sur-sur-reply. It had ample time to consider his arguments and rejected them.

Turning to the merits, the *Norbert* case does not change the Court's opinion. Officers had reasonable suspicion to conduct a *Terry* stop outside the 7-11 because they suspected Chasteen of speeding and driving while intoxicated. Chasteen cites *Norbert* for the proposition that reasonable suspicion for a *Terry* stop must rise to the level of identifiable criminal activity. In *Norbert*, a tip about individuals gathering in the parking lot of an apartment complex did not amount to

2

reasonable suspicion because officers did not have reason to suspect the individuals were trespassing. *Id*. at 7. According to Chasteen, while his driving may have been peculiar, it did not rise to the level of identifiable illegal activity like in *Norbert*. Chasteen argues officers only pulled him over because of their generalized fear of wrongdoers following the death of George Floyd.

Chasteen's argument is unpersuasive because it ignores the Court's analysis regarding his initial stop. Unlike in *Norbert*, officers did not stop him without suspicion of wrongdoing. Officers did not approach him based on an unsubstantiated tip. Rather, officers observed him speeding and received a credible report from an off-duty officer about his erratic driving. This formed the basis for their initial stop. As soon as officers stopped Chasteen outside the 7-11, they smelled alcohol on his person and began investigating him for driving while intoxicated. When they discovered his felony record and gun in his vehicle, the stop progressed into a full custodial interrogation of unlawful possession of a firearm.

The Court failed to cite Chasteen's sur-sur-reply and *Norbert* in its opinion, but Chasteen's motion for reconsideration is denied. Neither Chasteen's briefing nor *Norbert* changes the Court's analysis. Accordingly, the Court denies Chasteen's request to alter its opinion on the partial denial of suppression.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Reconsider Partial Denial of Motion to Suppress (Dkt. #54) is hereby **DENIED**.

**SIGNED this 30th day of April, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE